FILED
JUL 06 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-40031 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| TERRY BLACK LANCE, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant has objected to the Report and Recommendation in this case. The objection is very specific. The objection is that the law contains an improper delegation to the Attorney General to determine the applicability of registration requirements to sex offenders convicted before the enactment of the law or its implementation in a particular jurisdiction. The United States took the position in Applicability of the Sex Offender Registration and Notification Act, 72 Fed. Reg. 8,894, 8,896 (Feb. 28, 2007)("considered facially, SORNA requires all sex offenders who were convicted of sex offenses in its registration categories to register in relevant jurisdictions, with no exception for sex offenders whose convictions predate the enactment of SORNA."), as quoted in *United States v. Guzman*, 591 F.3d 83, 93 (2nd Cir. 2010), *cert. denied*, 130 S.Ct. 3487 (2010). Taking that claim at face value for purposes of analysis, the *Guzman* court then without much analysis as to what was actually being delegated, observed that "The Supreme Court has upheld much broader allegations than these."

First, in order to determine whether there has been an improper delegation by Congress, the courts have to determine what Congress delegated. *Whitman v. American Trucking Ass'ns, Inc.*, 531 U.S. 457, 465, 121 S.Ct. 903, 149 L.Ed.2d 1 (2001). The courts next determine if what was delegated was an improper delegation.

The Eighth Circuit in *United States v. May*, 535 F.3d 912 (8th Cir. 2008) held that the

Defendant in that case lacked standing to challenge the Sex Offender Registration and Notification Act (SORNA) and also held that SORNA did not violate the commerce clause nor due process nor was it an ex post facto violation. The standing portion of the *May* decision was superceded by the United States Supreme Court in *Reynolds v. United States*, 132 S.Ct. 975 (2012), *United States v. Fernandez*, 671 F.3d 697, 698 (8th Cir. 2012). The other holdings of the *May* decision remain as Eighth Circuit precedent. In another holding, the *May* Court followed the reasoning of the District Courts in *United States v. Roberts*, 2007 WL 2155750 (W.D.Va. July 27, 2007) and *United States v. Beasley*, 2007 WL 3489999 (N.D.Ga. Oct. 10, 2007). Quotations from those cases are set forth in *May* at 535 F.3d 917-919. Both *Roberts* and *Beasley* were each overruled on other grounds. *Roberts* was overruled in *United States v. Hatcher*, 560 F.3d 222 (4th Cir. 2009) on the basis that SORNA's registration requirements did not apply to pre-SORNA offenders until the Attorney General issued a ruling on the applicability of SORNA requirements to those offenders. *Beasley v. United States*, 131 S.Ct. 79 (2010) remanded 361 Fed.Appx. 86 (11th Cir. 2010) to the United States Court of Appeals for the Eleventh Circuit for further consideration in light of *Carr v. United States*, 130 S.Ct. 2229 (2010). The Eleventh Circuit then held that SORNA did not apply to Defendant Beasley as his interstate travel occurred before SORNA's effective date and he did not meet the elements of Section 2250(a) in sequence, as the statute requires under *Carr*. *United States v. Beasley*, 636 F.3d 1327 (11th Cir. 2011).

The end result of all of this is that for reasons different than the affirmance by several other circuits of what they found to be an appropriate broad delegation to the Attorney General in SORNA by Congress, the Eighth Circuit in *May* found a narrow delegation to the Attorney General to deal with those persons who would not be able to literally comply with SORNA registration requirements. The Eighth Circuit also addressed the breadth of the Attorney General's regulations by observing that:

> Rather, the Attorney General only promulgated the rule as a precautionary measure to "*foreclose* [ ] such claims [as May's] by making it *indisputably clear* that SORNA applies to all sex offenders (as the Act defines that term) regardless of when they were convicted." *Id.* (emphasis added). SORNA applies to May.

*May* at 919.

2

The narrow reading of what was delegated to the Attorney General is found in *May* at 918 and in *United States v. Hinckley*, 550 F.3d 926, 931-32 (10th Cir. 2008) (reversed on other grounds in *Reynolds v. United States*, 132 S.Ct. 975 (2012)), and was criticized in *United States v. Hatcher*, 560 F.3d 222, 228-229 (4th Cir. 2009). In *May* at 918-19, the Court stated:

> We hold the text of subsection (d) is ambiguous. When also considering § 16913(d)'s title and the overall design of SORNA, subsection (d) "is very narrow in scope: only those currently unregistered offenders literally *unable* to comply with [subsection] (b) because of the age of their convictions are within the grey area which the Attorney General is authorized to illuminate by rule."

This narrow delegation is an appropriate delegation with adequate direction from Congress, the ultimate intent of Congress clearly being that there be complete current registration of all convicted sex offenders.

Accordingly, for the reasons stated in the analysis,

IT IS ORDERED:

1. That the Defendant's Motion to Dismiss, Doc. 19, is DENIED, as are all of Defendant's Objections to the Report and Recommendation, Doc. 27, and the result of the Report and Recommendation of Magistrate Judge John E. Simko, Doc. 25, is ADOPTED by the Court, but for the reasons stated in this Memorandum Opinion and Order.

Dated this ___ day of July, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY

3